O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAWRENCE E. SAIZ, | ) | NO. EDCV 11-00290-MAN |
| Plaintiff, | ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | AND ORDER |
| Defendant. | ) ) | |

Plaintiff filed a Complaint on February 22, 2011, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On March 23, 2011, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on February 1, 2012, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that his decision be affirmed or, alternatively, remanded for further administrative proceedings.

On March 6, 2012, this Court issued a minute order ("Minute Order") requesting that the Commissioner submit: "(1) an improved transcript of the hearing, if possible, which establishes that all appropriate limitations were included in the hypothetical question to the vocational expert; and/or (2) supplemental briefing that supports the claim of harmless error." (Minute Order at 1-2.)  On April 2, 2012, the parties stipulated to withdraw Disputed Issue I ("Whether The ALJ Properly Propounded A Complete Hypothetical To the Vocational Expert") from their February 1, 2012 Joint Stipulation.  (Docket No. 26.)  The Court thereafter took the remaining issue presented under submission without oral argument.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On January 24, 2008, plaintiff filed an application for a period of disability, DIB, and SSI. (Administrative Record ("A.R.") 18.) Plaintiff, who was born on September 7, 1958 (A.R. 28),[1] claims to have been disabled since December 18, 2007 (A.R. 18, 149), due to colon cancer and depression (A.R. 88, 92).

After the Commissioner denied plaintiff's claim initially and upon reconsideration (A.R. 18, 88-96), plaintiff requested a hearing (A.R. 100).  On October 27, 2009, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Mason Harrell, Jr. (the "ALJ"). (A.R. 18, 37-83.)  Plaintiff's brother-

---

[1]    On the alleged disability onset date, plaintiff was 49 years old, which is defined as a younger individual. (A.R. 17; *citing* 20 C.F.R. §§ 404.1563, 416.963.)  Plaintiff is now in the closely approaching advanced age category. (*Id.*)

1  in-law, Frank Chavez, and a vocational expert, Sandra Fioretti, also
2  testified. (*Id.*)  On December 9, 2009, the ALJ denied plaintiff's claim
3  (A.R. 18-30), and the Appeals Council subsequently denied plaintiff's
4  request for review of the ALJ's decision (A.R. 4-6).  That decision is
5  now at issue in this action.

6

7                  **SUMMARY OF ADMINISTRATIVE DECISION**

8

9      The ALJ found that plaintiff meets the insured status requirements
10 of the Social Security Act through December 31, 2011. (A.R. 20.)  The
11 ALJ also found that plaintiff has no past relevant work experience[2] (A.R.
12 28) and has not engaged in substantial gainful activity since December
13 18, 2007, the alleged onset date (A.R. 20).  The ALJ determined that
14 plaintiff has the following severe impairments:  "depression, not
15 otherwise specified; antisocial traits; alcohol abuse and a history of
16 methamphetamine abuse, but not since December 2007; colon cancer; and
17 status post hernia operation."  (A.R. 20.)  He also determined that
18 plaintiff does not have an impairment or combination of impairments that
19 meets or medically equals one of the listed impairments in 20 C.F.R.
20 Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525,
21 404.1526, 416.920(d), 416.925, 416.926). (*Id.*)

22

23     After reviewing the record, the ALJ determined that plaintiff has
24 the residual functional capacity ("RFC") to perform a limited range of
25 light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with

26 _____

27     [2]    Although the ALJ found that plaintiff has no past relevant
   work experience, it does appear that plaintiff has prior work
28 experience. (*See, e.g.,* A.R. 165.)

                                  3

the following limitations:

> [plaintiff can] lift and/or carry 20 pounds occasionally and 10 pounds frequently; walk three to four blocks; stand and/or walk for four hours out of an eight-hour workday; and perform simple repetitive tasks in a nonpublic setting. [Plaintiff] is precluded from intense interactions with coworkers and supervisors; jobs that require hypervigilance; and jobs that have safety operations.

(A.R. 21.)

Based on his RFC assessment and after having considered plaintiff's age, education,[3] work experience, and the testimony of the vocational expert, the ALJ found that jobs exist in the national economy that plaintiff could perform, including bench assembler and small products assembler II. (A.R. 29-30.) In so finding, the ALJ specifically noted that, because plaintiff could not perform the full range of light work, the testimony of a vocational expert was necessary to determine the extent to which plaintiff's limitations eroded the occupational base for light work. (A.R. 29.) Even with a 50 percent erosion of that occupational base, the vocational expert testified that an individual with plaintiff's limitations could perform the above-listed jobs. (*Id.*) She further testified that her testimony was consistent with the Dictionary of Occupational Titles ("DOT"). (*Id.*) Accordingly, the ALJ concluded that plaintiff has not been under a disability, as defined in

---

[3]   The ALJ found that plaintiff has a limited education and is able to communicate in English. (A.R. 28.)

the Social Security Act, from December 18, 2007, through the date of his decision.  (A.R. 30.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole.  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Id. (citation omitted).  The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003).  "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence

5

is susceptible to more than one rational interpretation. <u>Burch v.</u> <u>Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins</u> <u>v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(*quoting* <u>Stout v.</u> <u>Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

**DISCUSSION**

Plaintiff claims that the ALJ erred at step five of the sequential evaluation in determining that plaintiff could perform other work in the national economy. (Joint Stipulation ("Joint Stip.") at 4, 11.) Specifically, plaintiff claims that, pursuant to the descriptions of light work provided by the DOT and the Commissioner, the jobs identified by the vocational expert "require six hours of standing and walking." (Joint Stip. at 12.) As such, plaintiff claims that the ALJ committed legal error, because he offered "no explanation [as to] how an individual who is precluded from standing . . . more than four hours can perform the alternative work which requires six hours of standing/walking." (*Id.* )

At step five, the burden shifts from the claimant to the ALJ to prove that, based on the claimant's RFC, age, education, and past work

experience, the claimant is able to perform work that exists in significant numbers in the national economy. Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c), 416.920(a)(4)(v), 416.960(c). The ALJ can meet his burden at step five by either taking the testimony of a vocational expert or by referring to the Grids. *See* Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999)(describing how the vocational expert's testimony and the Grids are used at step five). If the ALJ chooses, as he did in this case, to rely upon the testimony of a vocational expert, the hypothetical posed to the vocational expert must be "accurate, detailed, and supported by the medical record." *Id.* at 1101. If the hypothetical presented to the vocational expert does not reflect all the claimant's limitations and/or is not supported by evidence in the record, the "[vocational] expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993)(citation and internal quotations omitted).

The ALJ has an affirmative responsibility to ask whether a conflict exists between the testimony of a vocational expert and the DOT. SSR 00-4p, 2000 SSR LEXIS 8, at *9; Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). If there is a conflict between the DOT and testimony from the vocational expert, an ALJ may accept testimony from a vocational expert that contradicts the DOT, but "the record must contain 'persuasive evidence to support the deviation.'" Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001)(*quoting* Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The ALJ must resolve any conflict by determining whether the vocational expert's explanation is reasonable

and provides sufficient support to justify deviating from the DOT. SSR 00-4p, 2000 SSR LEXIS 8, at *9; Massachi, 486 F.3d at 1153. An ALJ's failure to do so, however, can be harmless error when there is no conflict or the vocational expert provides a basis for relying on the his or her testimony rather than on the DOT. *Id.* at 1154 n.19.

At the October 27, 2009 administrative hearing, the ALJ asked the vocational expert whether a hypothetical individual who was limited, as is plaintiff, to, *inter alia*, walking three to four blocks at a time, standing/walking for four hours out of an eight-hour workday, lifting up to 20 pounds occasionally and 10 pounds frequently, no work with the public, no intense interactions with co-workers and supervisors, and no responsibility for safety operations, could perform plaintiff's prior work. (A.R. 81.) The vocational expert testified that such an individual could not perform plaintiff's prior work. (A.R. 82.) The vocational expert testified, however, that such an individual, with the additional limitation to simple repetitive tasks, could perform the jobs of bench assembler and small products assembler II, after a 50 percent erosion. (*Id.*) When asked by the ALJ if her testimony was "consistent with the DOT," the vocational expert answered, "Yes." (*Id.*)

The ALJ relied on the vocational expert's testimony in finding that "there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform." (A.R. 29.) In so finding, the ALJ noted that "[plaintiff]'s ability to perform all or substantially all of the requirements of [the full range of light work] has been impeded by additional limitations." (*Id.*) Accordingly, "[t]o determine the extent to which these limitations erode the unskilled light

8

occupational base, the [ALJ] asked the vocational expert whether jobs exist in the national economy for an individual with [plaintiff]'s age, education, work experience, and [RFC]." (*Id.*)   The ALJ noted that, after considering the above factors, the vocational expert testified that such an individual would be able to perform other work, such as bench assembler and small products assembler II.  (*Id.*)

The ALJ did not err in relying on the vocational expert's testimony that plaintiff could perform other work in the national economy.  As an initial matter, the ALJ complied with his affirmative duty to confirm that the vocational expert's testimony was consistent with the information provided in the DOT.  SSR 00-4p, 2000 SSR LEXIS 8, at *8-9 ("When a [vocational expert] provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that [vocational expert's] evidence and information provided in the DOT.  In these situations, the [ALJ] will:  Ask the [vocational expert] if the evidence he or she has provided conflicts with information provided in the DOT").  Here, after the vocational expert testified that a hypothetical individual with plaintiff's limitations could perform jobs such as bench assembler and small parts assembler II, the ALJ asked the vocational expert whether her testimony was consistent with the DOT.  The vocational expert replied, "Yes."

Further, contrary to plaintiff's claim, there does not appear to be a "clear and apparent conflict" between the DOT and the vocational expert's testimony with respect to the standing/walking requirements.  Plaintiff claims that the "light" jobs identified by the vocational

expert "require six hours of standing and walking." (A.R. 12.)  While it is true that "the *full range* of light work requires standing and walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday," SSR 83-10, 1983 SSR LEXIS 30 (emphasis added), not all light work jobs require standing or walking for that amount of time, *see* 20 C.F.R. §§ 404.1567(b), 416.967(b) (noting that job may be classified as light "when it involves sitting most of the time with some pushing and pulling of arm or leg controls").  Indeed, as noted in the DOT description for the alternative jobs identified by the vocational expert -- *to wit*, bench assembler and small products assembler II -- a job can be classified as light when "it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls" and/or "the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible." *See* DOT 706.684-042 (bench assembler); DOT 739.687-030 (assembler, small products II).  Accordingly, because there does not appear to be a clear inconsistency between the DOT and the vocational expert's testimony, the ALJ was under no duty to make additional inquiries. *See* Michelson-Wurm v. Comm'r SSA, 285 Fed. Appx. 482, 486 (9th Cir. 2008)(stating that "the ALJ must clarify the discrepancy . . . *only where there is an apparent unresolved conflict* that arises between the vocational expert's testimony and the DOT")(emphasis in original).

Moreover, even assuming *arguendo*, that there was a "clear and apparent" conflict between the vocational expert's testimony and the DOT, as plaintiff contends, an ALJ "may rely on expert testimony which contradicts the DOT [so long as] the record contains persuasive evidence

1   to support the deviation." Tommasetti v. Astrue, 533 F.3d 1035, 1042

2   (9th Cir. 2008)(citations omitted); *see* Massachi, 486 F.3d at 1154 n.19

3   (noting that there is no reversible error if there was no conflict or

4   the vocational expert "provided sufficient support for her conclusion so

5   as to justify any potential conflicts"); Johnson, 60 F.3d at 1435-36

6   (noting that DOT classifications are rebuttable and are not the sole

7   source of admissible information concerning jobs). Evidence sufficient

8   to permit such a deviation may be provided either through specific

9   findings of fact regarding plaintiff's RFC or through inferences

10  reasonably drawn from the context of the expert's testimony. Light v.

11  SSA, 119 F.3d 789, 793 (9th Cir. 1997).

12

13          The vocational expert's testimony provides sufficient support for

14  any alleged deviation from the DOT. As noted above, the vocational

15  expert testified that a hypothetical individual with plaintiff's

16  limitations, including, *inter alia,* standing/walking for not more than

17  four hours out of an eight-hour day, could perform other jobs in the

18  national economy. Specifically, after reducing the occupational base by

19  50 percent based on plaintiff's limitations,[4] the vocational expert

20  testified, based on her expertise, that such an individual could perform

21  the jobs of bench assembler and small products assembler II. *See*

22  Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005)(noting that a

23  vocational expert's "recognized expertise provides the necessary

24  foundation for his or her testimony[,] . . . no additional foundation is

25

26       [4]      Although the vocational expert did not specifically state
    that the 50 percent erosion in the occupational base was due to
    plaintiff's various limitations, such a conclusion is reasonably
27  inferred. *See* Light, 119 F.3d at 793; *see also* Sample v. Schweiker, 694
    F.2d 639, 642 (9th Cir. 1982)(noting that an ALJ is entitled to draw
28  inferences logically flowing from the evidence).

                                    11

1  required")   In other words, because the vocational expert took into

2  account plaintiff's various limitations by eroding the occupation base

3  of each proffered job by 50 percent, the vocational expert provided a

4  sufficient rationale to support any purported deviation/inconsistency

5  with the DOT.   *See* SSR 00-04p, 2000 SSR LEXIS 8, at *6 (noting that a

6  DOT listing indicates the maximum requirements of occupations as they

7  are generally performed, and a vocational expert can provide more

8  specific information about jobs or occupations than the DOT).   As such,

9  any error committed by the ALJ in failing to address any apparent

10  conflict was harmless.

11

12      Accordingly, the ALJ did not commit reversible error in relying on

13  the vocational expert's testimony concerning plaintiff's ability to

14  perform other work.

15

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

12

**CONCLUSION**

    For the foregoing reasons, the Court finds that the Commissioner's decision is supported by substantial evidence and is free from material legal error.  Neither reversal of the Commissioner's decision nor remand is warranted.

    Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration. IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  April 6, 2012

                                              _____
                                                   MARGARET A. NAGLE
                                              UNITED STATES MAGISTRATE JUDGE

13